PER CURIAM.
This disciplinary proceeding by The Florida Bar against Bernt Meyer, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.-06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to article XI, Rule 11.09(1) of the Integration Rule of The Florida Bar has been filed.
Having considered the pleadings and evidence, the referee found as follows:
[a.] ..., the essential matter before the Judicial Referee is the recommendation of the Judicial Referee as to the appropriate disciplinary action to be recommended by reason of Respondent’s lack of candor in advising THE FLORIDA BAR of his prior felony conviction and discussing same at the time of his application for reinstatement for dues delinquency in 1976, and his failure to seek proper reinstatement at that time. The Respondent has paid his debt to society by his incarceration in a federal penal institution for a term of four (4) years, and his supervised parole after his release from prison for an additional term of one (1) year. In addition, the Respondent has now been suspended from the practice of law for an additional term of three (3) years by reason of his prior felony conviction. While the Judicial Referee does not feel that the Respondent should be rewarded in any way for his own misconduct in failing to candidly advise THE FLORIDA BAR of his prior felony conviction, or to discuss same in order to determine the necessary action for his reinstatement in 1976 because of his 1971 conviction, the Judicial Referee does find that by reason of the circumstances in this case, there is present greater evidence of his actual rehabilitation than could otherwise be normally demonstrated because the record of Respondent’s conduct of his personal and professional life since 1976 is subject to actual scrutiny and does indicate that Respondent does not represent a danger to the public or to his clients. Since the Respondent is now under an automatic suspension from the practice of law for a term of three (3) years by reason of his felony conviction, no additional rehabilitative purpose would be served by any extended disciplinary action. While it is not the purpose of the Judicial Referee to speculate upon whether or not the Respondent, if he had made candid disclosure of his prior felony conviction at the time of his dues reinstatement in 1976, would have by this time been readmitted to the practice of law, there is no evidence before the Judicial Referee to indicate the contrary. The Respondent has paid his debt to society, and since he does not represent any danger to the public or to his clients at this time as evidenced by his record from 1976 until March 19, 1983, and since he will now be required to seek readmission to THE FLORIDA BAR at the expiration of his automatic three (3) year suspension running from March 19, 1983, by demonstrating to the satisfaction of the Supreme Court of Florida his rehabilitation, the appropriate *463 disciplinary action upon the Complaint in this cause is the suspension of the Respondent from the practice of law for a term not to exceed seventeen (17) months from October 19,1984, to run concurrently with his automatic suspension from the practice of law by reason of his felony conviction as heretofore ordered by the Supreme Court of Florida and to terminate at an earlier time in the event of any earlier termination of said three (3) years suspension by the Supreme Court of Florida.
[b.] The Respondent should be required to pay the cost of these proceedings in accordance with the Statement of Costs in the total sum of [$1,971.04] filed in these proceedings by THE FLORIDA BAR, with provision for such costs to be paid by the Respondent in four (4) equal quarterly installments, the first installment being due ninety (90) days after Respondent’s readmission to the practice of law by the Supreme Court of Florida.
[c.j The Respondent has fully cooperated with THE FLORIDA BAR in its investigation of Respondent in connection with all matters pertaining to these proceedings.
The referee recommends the following:
1. That the Respondent, BERNT MEYER, be suspended from the practice of law for a term not to exceed seventeen (17) months from October 19, 1984, to run concurrently with the automatic three (3) year suspension of the Respondent from the practice of law which commenced effective March 19, 1983, pursuant to the Order of the Supreme Court of Florida in the case of The Florida Bar v. Bernt Meyer, Case Number 62,978.
2. That the suspension be terminated at an earlier date concurrent with any early termination of Respondent’s current automatic three (3) year suspension from the practice of law by the Supreme Court of Florida.
3. That the Respondent be further admonished with respect to violations of The Florida Bar Code of Professional Responsibility, Disciplinary Rule 11.-02(4)(b), Integration Rule, Article XI, Rule 11.02(4)(c), paragraph 4(a) of the Bylaws and Rule 11.02(4)(c), paragraph 2(d) of the Bylaws, that any future violations of same by Respondent after any future reinstatement to the practice of law will be dealt with more stringently.
4.[That] the Respondent is required to pay to THE FLORIDA BAR costs of these proceedings in the sum of [$1,971.04], Payment of same shall be deferred until reinstatement of Respondent to active membership in THE FLORIDA BAR after which the same shall be payable in four (4) equal quarterly installments, the first installment becoming due and payable ninety (90) days after the date of Respondent’s reinstatement and quarterly thereafter until paid in full.
Having carefully reviewed the record, we approve the findings and recommendations of the referee and respondent, Bernt Meyer, is hereby suspended from the practice of law in the State of Florida effective immediately based on the referee’s conditions set forth above.
Judgment for costs in the amount of $1,971.04 is hereby entered against respondent.
It is so ordered.
ADKINS, Acting C.J., and ALDERMAN, McDonald, EHRLICH and SHAW, JJ., concur.